IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ILHAMI and MEHTAP TEKMAN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| HERB BERKOWITZ a/k/a HERBERT | : | |
| BERKOWITZ and WILLIAM HOWE & CO. | : | No. 12-CV-2932 |

## **MEMORANDUM**

Ditter, J.                                                                April 28, 2014

Plaintiffs, Ilhami ("John") Tekman and his wife, Mehtap Tekman,[1] have brought

this action against Defendants, Herbert Berkowitz and the Pennsylvania accounting firm

Herbert Berkowitz and William Howe & Co. (known collectively as "Berkowitz") alleging

four causes of action:  professional negligence, breach of contract, breach of fiduciary

duty, and loss of consortium.  The plaintiffs allege Berkowitz had a duty to them because

he performed accounting services including preparing tax returns and providing tax advice

for John Tekman personally and for several of John Tekman's businesses.  Berkowitz has

filed a motion to dismiss the Tekmans' amended complaint, arguing that they have failed

to state a claim for which relief may be granted under Pennsylvania law.[2]  For the reasons

---

[1]  In his complaint, Ilhami refers to himself as John.  For the sake of clarity, I will refer to him as John and him and his wife as the plaintiffs.  I will refer to his family as the Tekmans.  I will refer to the defendants as Berkowitz.

[2]  Plaintiffs originally filed this action in Pennsylvania state court and both parties cite to Pennsylvania law in their pleadings, therefore I will assume Pennsylvania law applies.

discussed below, Berkowitz's motion is being GRANTED.

## I.   FACTUAL AND PROCEDURAL HISTORY

This case involves a dispute over the affairs of a family-owned business, Tekman & Company, LLC ("the Company"), that was created for the purpose of owning and operating a Quality Inn in Delaware. *Am. Compl.* at ¶ 12.   John was the Company's manager and owned a 25 percent interest in it, his brother Nuh owned 25 percent, his brother Nick owned 25 percent, and their parents, Ali and Nuriye, owned 25 percent. *Id.* at ¶¶ 13-15.   John and Nick Tekman were the original managers of the Company.[3] *Id.* at ¶ 15.   John actively managed the motel in 2001 and part of 2002, but in that year stepped back and Nuh became the active manager of the motel. *Id.* at ¶¶ 15-16.   Although no longer managing the motel, John continued to receive distributions from the Company from the operation of the motel. *Id.* at ¶ 17.   However, John learned that his payments were substantially less than those to Ali and Nuh.   Payments to John dwindled until late 2009. *Id.* at ¶ 18.

In or around September 2008, all members of the Company, except John, signed an LLC resolution authorizing a guarantee of all assets of the Company to obtain an $11 million loan for the construction of a Sleep Inn in Ocean City, Maryland. *Id.* at ¶ 23.

---

[3] In paragraph 15 of his complaint, John alleges that he and his brother Nick were the Company's original managers.   In paragraph 16, John alleges he was the Company's sole manager.

John's signature was forged on the LLC resolution.[4]  *Id.* at ¶ 24.

In 2009, John believed that Nuh was inappropriately compensating himself without regard to John's ownership interest.  *Id*. at ¶ 20.  John questioned Berkowitz about the payments to Nuh, who advised him that the amounts paid to Nuh were appropriate compensation for management of the motel.  *Id.* at ¶ 21.  Nonetheless, John asserts these payments were prohibited by the Company's agreement.  *Id*. at ¶ 22.  In or around June 2010, Berkowitz attended a meeting where he was advised by Nick Tekman that John's signature had been forged on the LLC resolution back in 2008.  *Id*. at ¶ 25.  In late 2010, as a result of a conversation with Ann Aysetul Tekman, Nick's former wife, John learned of the forgery of his name on the Company's resolution.  *Id*. at ¶ 26.

On August 27, 2010, John filed suit in the Chancery Court of Delaware alleging that the other members of the Company had committed fraud and a breach of fiduciary duty.  During the trial of that case, John learned for the first time that Berkowitz knew in June 2010 that Nick had forged John's signature.  *Id*. at 29.  Berkowitz testified that, since 2005, he had been aware that the Company was not operating in accordance with standard accounting practices.  *Id*. at ¶ 31.

In this action, John contends that because Berkowitz failed to inform him of the forgery, the bookkeeping irregularities, and the misuse of the Company funds, Berkowitz

---

[4] There is no allegation that the resolution was ever used, that a loan was obtained, or that the Sleep Inn was ever built.

is liable to him for negligence, breach of contract, and breach of fiduciary duty.  In a fourth count, John's wife, Mehtap, claims Berkowitz is liable to her for loss of consortium.

In support of his motion to dismiss, Berkowitz attached a copy of John's complaint in the Delaware case and urged that it is relevant in this case.  It is true on a motion to dismiss, a court may consider an authentic document attached to the defendant's motion if the plaintiff's claims are based upon it.  *Pension Benefit Guaranty Corp. v. White Consolidated Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  Here, John's claims are not based on his Delaware lawsuit but on the assertions that Berkowitz's accounting services were deficient.  It follows that I cannot consider John's Delaware complaint, except as it is referred to in these pleadings.

## II.    STANDARD OF REVIEW

It is well established that a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim should be granted if the complaint does not contains facts to establish a plausible claim.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  I am to accept well-pled allegations as true for purposes of a motion to dismiss, but the complaint must be more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  If I can only infer the mere possibility of misconduct, the complaint must be dismissed because it has alleged – but failed to show – that the plaintiff is entitled to relief.

-4-

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

### III.   DISCUSSION

Berkowitz has moved to dismiss the amended complaint for failure to set forth sufficient information to outline the elements of the claims or to permit inferences to be drawn that these elements exist.  Berkowitz contends that the nature of his relationship with the plaintiffs did not create a fiduciary duty as they claim.  As tax accountant, his duty was to prepare tax returns based upon data he received from the Tekman family.  He had no independent knowledge of how the Tekmans operated their business on a daily basis, and he had no duty to monitor their business practices.  Berkowitz also claims that John was aware of the forgery of his signature long before Berkowitz was told about it, as evidenced by the complaint filed by John in the Delaware Court.[5]  Finally, Berkowitz also asserts that the lack of a contractual agreement between them is fatal to John's contract claims against him.

John describes this as an action in accounting malpractice involving his interests in a business venture, Tekman Company, LLC, which he owned and operated with certain members of his family.  He goes on to allege that the defendants performed accounting services including, but not limited to,[6] preparing tax returns, providing tax

---

[5] I am not considering this assertion.

[6] The words, "but not limited to" add nothing to John's description of Berkowitz's services.

advice/opinions, and preparing financial statements for lenders for John personally, and

several of his businesses, including the Company of which he owned 25 percent. John

alleges three causes of action and his wife, one. I shall consider them separately.

A.  Breach of Contract/Breach of Covenant of Good Faith

"Pennsylvania courts do not recognize an independent cause of action for the

breach of covenant of good faith and fair dealing." *Kim v. Baik*, 2007 WL 674715, at *3

(D. N.J. Feb. 27, 2007). The breach of covenant of good faith and fair dealing is part of a

breach of contract claim. In order to survive a motion to dismiss, plaintiff must properly

plead the elements of a contract claim: the existence of a contract and its essential terms, a

breach of a duty imposed by the contract, and resultant damages. *McAllister v. Royal*

*Caribbean Cruises, Ltd.*, 2003 WL 23192102, at *5 (E.D. Pa. Sept. 30, 2003).

In a wonderfully vague and diaphanous way, John says he *believes* that there was

either an oral agreement or that there is a contract in Berkowitz's possession. Am. Compl.

at ¶ 53. We are not told what John believes about when, where, and how it was created.

In any event, John asserts Berkowitz's conduct constituted a breach ("express, implied, or

as a matter of law") of an agreement to provide competent, honest, undivided, loyal, and

effective accounting services, as well as a breach of the covenant of good faith and fair

dealing.

John's assertions as to Berkowitz's failings are equally vague. They refer to what

Berkowitz "knew or should have known."  John has described only that Berkowitz prepared tax returns, provided tax advice/opinions, and prepared financial statements. There is no allegation of how or why he "knew or should have known" of the Company's irregularities.

John failed to plead a specific breach of any specific contract or specific contractual provision.  He did not attach a copy of a contract or assert unhesitatingly the existence of a contract in the complaint.  Nor has he asserted any facts that would allow me to conclude that Berkowitz's duties went beyond giving tax advice and preparing tax returns.  Instead, the complaint is a laundry list of examples alleging Berkowitz's failure to meet professional standards; however, none of these examples reference the text of any contract between John and Berkowitz.  Without a contract there can be no breach.  The contract claim fails and thus the breach of good faith claim must also fail.  Plaintiff has not stated a claim upon which relief can be granted.  Berkowitz's motion to dismiss Count II is being granted.

    B.    <u>Breach of Fiduciary Duty</u>

    Under Pennsylvania law, "an accountant is not automatically a fiduciary for his client." *Stainton v. Tarentino*, 637 F. Supp 1051, 1066 (E.D. Pa. 1986).  A fiduciary relationship does not arise merely because a party relies on the skill or expertise of another party.  Plaintiff has the burden of proving that the accounting services and financial advice

rendered by his accountant gave rise to a fiduciary relationship. *Id.* In business relationships, a fiduciary relationship arises only if a party surrenders substantial control over some portion of his business affairs to another. *Id*.

Again, John fails to allege any facts from which it can be found that John had surrendered any portion of control over Tekman & Company, LLC, to Berkowitz, nor does he allege any other facts from which a fiduciary relationship might be inferred. Because John has failed to show that a fiduciary relationship existed between him and Berkowitz, he cannot establish a cause of action for breach of fiduciary duty. Berkowitz's motion to dismiss Count III is being granted.

C.    Professional Negligence/Malpractice

Finally, John asserts that Berkowitz was professionally negligent for engaging in a conflict of interest[7] and for failing to: 1) provide appropriate and necessary accounting and professional advice; 2) notify him that his family members were distributing cash and paying for other business ventures from the LLC in which he had no interest; 3) clearly explain to him the status of his investment; and 4) advise him that his family members were acting in violation of the LLC agreement. Again, John does not set forth how or why Berkowitz knew or should have known about the alleged misconduct of the members of the LLC.

---

[7] He does not describe how whatever Berkowitz did or did not do was a conflict of interest.

Pursuant to Pennsylvania law, breaches of professional duties constitute actions for negligence sounding in tort. *Buckley v. Deloitte & Touche USA LLP*, 888 F. Supp. 2d 404, 415 (E.D. Pa. 2012). In order to establish a cause of action for negligence, a plaintiff must demonstrate that the defendant owed a duty of care to the plaintiff, the defendant breached that duty, the breach resulted in injury to the plaintiff, and the plaintiff suffered actual loss or damage. *Id.* Proof of causation is required. *Id.* The amended complaint fails to sufficiently allege these elements which is fatal to John's claim.

Under Pennsylvania law, it is well settled that a specific undertaking to perform a specific service for a plaintiff is required to maintain a malpractice action based on professional negligence. *Tredennick v. Bone*, 647 F. Supp. 2d 495, 500 (W.D. Pa. 2007). As previously noted, Berkowitz prepared tax returns, provided tax advice/opinions, and prepared financial statements. John does not allege Berkowitz was negligent in any of these duties. Rather, John asserts that Berkowitz knew the Tekmans, in their management of Tekman & Company LLC, did not follow proper bookkeeping practices and used Company funds to pay for expenses/ventures of which he was not a part. While these are matters that an auditor might be expected to find, Berkowitz was a tax accountant, not an auditor. John has failed to show Berkowitz failed in his duty as a tax accountant.

John's negligence claim is deficient for another reason: he has failed to show any causation, that is, how Berkowitz's failure to inform caused loss to John. For example,

John learned of the forgery from Nick's wife in late 2010, something Berkowitz had

learned in June of that year.  John does not set forth what he would have done differently

had he known in June what he learned in time to bring suit in August.  Again, he brought

suit in Delaware charging other Tekmans with fraud and breach of fiduciary duty.  He

does not set forth what he would have done differently had Berkowitz told him of the

Company's financial and bookkeeping irregularities.  What we do know is that from 2002

until 2009, he watched his payments from the Company dwindle and did nothing about it

although he asserts that he was the Company's sole manager. *Am. Compl.* at ¶ 16.  In

addition, John has failed to show what Berkowitz did or failed to do that caused him

injury.  For these reasons, Berkowitz's motion to dismiss Count I  is being granted.

    D.  <u>Loss of Consortium</u>

In Pennsylvania, a cause of action for loss of consortium derives only from an

injured spouse's right to recover in tort.  As Mehtap Tekman's loss of consortium claim is

derivative of her husband's professional liability tort claim which I am dismissing,

Berkowitz's motion to dismiss Count IV must be granted.

    **IV.   CONCLUSION**

John's contract claim fails because he has not unequivocally asserted that there was

a contract, and if there was, how Berkowitz violated any of its terms.  John's breach of

fiduciary duty claim fails because he has not shown any evidence that Berkowitz was a

fiduciary.  As to the negligence claim, Berkowitz prepared tax returns, provided tax advice

opinions, and prepared financial statements.  John has not pointed to any evidence that Berkowitz was negligent in the performance of these duties, that he should have functioned as an auditor, or in a capacity beyond that of a tax accountant.  John's own assertions of his indifference to the Company's affairs could be understood to have caused whatever loss he sustained, and not any breach of duty by Berkowitz.

Finally, I find that there is no reason to permit the plaintiffs an opportunity to amend their complaint a second time.  The pleading defects were pointed out to them by the defendant's motion to dismiss, yet neither their amended complaint nor their memorandum of law filed in response to defendant's motion to dismiss included any additional facts that would support their claims.

The amended complaint must be dismissed with prejudice.  An appropriate order follows.